NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-21

STATE OF LOUISIANA

VERSUS

REGAL MINOR

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-K-5760-B
HONORABLE ELLIS J. DAIGLE, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, James T. Genovese, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.

Hon. Earl B. Taylor
District Attorney - 27th JDC
P.O. Drawer 1968
Opelousas, LA 70571-1149
(337) 948-3041
COUNSEL FOR APPELLEE:
    State of Louisiana

Regal Minor, #565979 - Pro Se
Pine Prairie Correctional Center
P.O. Box 650
Pine Prairie, LA 70576

**Gremillion, Judge.**

On February 2, 2010, the Defendant, Regal Minor, pled guilty to the offense of manslaughter, a violation of La.R.S. 14:31. The trial court sentenced the Defendant to fourteen years at hard labor with credit for time served from the date of his arrest. The Defendant filed a motion to reconsider his sentence on March 9, 2010, and it was denied. The Defendant did not appeal his sentence.

On September 15, 2010, the Defendant filed a document in the trial court titled "Motion to Quash with Motion to Ammend [sic] and/or to Modify Sentence." The trial court denied that post-conviction motion on December 9, 2010. The Defendant then, on December 15, 2010, filed a notice of intent to appeal the trial court's denial of the motion. The trial court granted an appeal on December 16, 2010.

This court, on January 10, 2011, issued a rule to show cause why the appeal should not be dismissed, as the judgment at issue is not appealable. The Defendant submitted no response.

The judgment at issue is not appealable. *See* La.Code Crim.P. arts. 779 and 912.1. Accordingly, we hereby dismiss the Defendant's appeal. However, the Defendant may seek supervisory writs from the trial court's ruling. The Defendant is neither required to file notice of intent to seek writs nor obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the motion for appeal as timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**